IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   13-cv-00724-LTB

ENSIGN UNITED STATES DRILLING, INC., and
ENSIGN UNITED STATES DRILLING (CALIFORNIA) INC.,

        Plaintiffs,

v.

B & H RIG AND TONG SALES, and
WEATHERFORD U.S. LIMITED PARTNERSHIP,

        Defendants.
_____

ORDER
_____

This matter is before me on "Plaintiffs' Motion for Extension of Time to Respond to B&H Rig and Tong Sales' Motion to Dismiss for Lack of Jurisdiction and Motion [for] Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction Over B&H Rig and Tong Sales" ("B&H") [**Doc # 21**] filed by Plaintiffs Ensign United States Drilling, Inc. and Ensign United States Drilling (California) Inc. (collectively, "Ensign").  In this motion, Ensign seeks an order for limited discovery related to a pending Motion to Dismiss for Lack of Personal Jurisdiction filed by B&H,  as well as additional time to respond to that motion.  [Doc #15]

In the motion to dismiss, B&H argues that this Court cannot exercise personal jurisdiction over it in that the alleged facts fail to sufficiently allege a connection between B&H and Colorado so substantial that it approximates a physical presence in order to establish general jurisdiction.  Ensign has not responded to the motion to dismiss.  Instead, it filed the motion at issue here alleging that it believes that B&H has contacts with Colorado sufficient to support the exercise of general jurisdiction in the form of "a significant and continuous business presence in

Colorado." As such, Ensign seeks leave to conduct limited discovery – to the issue of personal jurisdiction – as follows: no more than 10 requests for production of documents and 10 interrogatories, followed by 2 limited depositions (up to 2.5 hours each) of B&H's principals, Francis and Virginia Hodgden. Ensign also seeks an extension of time to respond to the Motion to Dismiss for Lack of Personal Jurisdiction filed by B&H of up to and including 60 days.

B&H opposes this motion on the basis that Ensign has provided no factual allegations of evidence supporting the exercise of general jurisdiction; rather, in its complaint Ensign "simply recites the legal standard governing general jurisdiction, alleging in conclusory fashion that the standard has been meet 'on information and belief.'" [Doc # 26] Furthermore, B&H contends that Ensign has failed to contradict the facts – set forth in the affidavits submitted in support of B&H's motion to dismiss – that aver that B&H is located in Wyoming, and does most of its business there, and that its business contacts with Colorado are minimal. [Doc #15, Ex. B and C]

The other named-Defendant in this case – Weatherford U.S. Limited Partnership ("Weatherford") – has also filed a response to this motion. Weatherford opposes the motion on the basis that Ensign has failed to allege an established legal entitlement to jurisdictional discovery. Additionally, Weatherford contends that if I grant Ensign's motion, I should limit the scope of the discovery requested, as well as limit the amount of time sought for the extension to respond to B&H's motion to dismiss. [Doc # 27]

## I. UNDERLYING FACTS

This case relates to an industrial accident that occurred on May 20, 2011, in which an employee at Ensign in Ventura California was injured after equipment known as an "RH-35 rod hook" – that was apparently manufactured by Defendant Weatherford and then sold to Ensign by

Defendant B&H – allegedly malfunctioned, due to a defect, causing the accident.

## II. LAW

In a diversity action such as this, a federal court has personal jurisdiction over a defendant if jurisdiction is consistent with the state's long arm statute and if jurisdiction does not violate the due process clause of the Fourteenth Amendment. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074–75 (10th Cir. 2004). The Colorado long arm statute, Colo. Rev. Stat. §13-1-124, has been construed to extend jurisdiction to the full extent of the Constitution, so the analysis here reduces to a single inquiry of whether jurisdiction offends due process. *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005); *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo.1992); *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).

In order to exercise personal jurisdiction that comports with due process, defendants must have "minimum contacts" with the forum state, such that having to defend a lawsuit there would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)(internal quotation marks omitted). Thus, a defendant's contacts with the forum state must be sufficient such that, notwithstanding its lack of physical presence, the state' exercise of sovereignty over it can be described as fair and just. *Id.*

Minimum contacts may be established under either the doctrines of general jurisdiction or specific jurisdiction. Specific jurisdiction is present where the defendant has purposefully directed his activities at the residents of the forum and the litigation results from injuries that arise out of or relate to those activities. *Soma Medical Int'l v. Standard Chartered Bank,* 196 F.3d 1292, 1298 (10th Cir.1999). When general jurisdiction is asserted over a non-resident

defendant who has not consented to suit in the forum, as is the case here, minimum contacts exist if the plaintiff demonstrates that the defendant maintains "continuous and systematic general business contacts" in the state. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998).

General jurisdiction requires that a defendant have contacts with the forum "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, ___ U.S. __, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796, (2011); *see also Trujillo v. Williams*, 465 F.3d 1210, 1218 n. 7 (10th Cir. 2006). "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Benton v. Cameco, supra,* 375 F.3d at 1080. To establish general jurisdiction, courts consider the frequency of a defendant's travel to the forum state, amount of work a defendant performs in the forum state, and whether a defendant owns property in the forum state. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

### III.  ANALYSIS

In this motion, Ensign seeks leave to engage in limited discovery as to the extent of B&H's general business contacts with Colorado in order to assess if they are sufficiently continuous and systematic to support general jurisdiction. In support of this request, Ensign refers to *Grynberg v. Ivanhoe Energy, Inc.* 490 Fed.Appx. 86, 102, 2012 WL 2855777 (10th Cir. 2012)(not published), in which the parties agree that the Tenth Circuit, in an unpublished

opinion, set forth the standard of allowing discovery on factual issues raised by a motion to dismiss for lack of jurisdiction.

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Id.* (*citing Budde v. Ling-Temco-Vought, Inc.,* 511 F.2d 1033, 1035 (10th Cir. 1975)). The trial court is vested with broad discretion in making such determination, but "a refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant." *Grynberg v. Ivanhoe, supra*, 490 Fed.Appx. at 102-103 (*quoting Sizova v. Nat'l Inst. of Standards & Tech.,* 282 F.3d 1320, 1326 (10th Cir. 2002)). "Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* "[T]he burden of demonstrating a legal entitlement to jurisdictional discovery – and the related prejudice flowing from the discovery's denial – [is] on the party seeking the discovery." *Grynberg v. Ivanhoe, supra*, 490 Fed.Appx. at 103 *(quoting Breakthrough Mgmt. Grp., Inc.,* 629 F.3d 1173, at 1189 n. 11 (10th Cir. 2010)).

Ensign argues that, under this standard, it is entitled to discovery in order to demonstrate whether B&H's general business contacts with Colorado are sufficiently continuous and systematic to establish personal jurisdiction. Defendants – both B&H and Weatherford – assert that Ensign has alleged no facts or evidence underlying its conclusory and unsupported allegation of general jurisdiction in the complaint; specifically, it alleged only that "[u]pon information and belief, B&H has conducted continuous and systematic activities of a general business nature in Colorado." [Doc # 2-5, ¶5] Moreover, they maintain that Ensign has failed to respond or rebut to the jurisdictional facts asserted by B&H in its motion to dismiss that reveal

little or minimal business contacts with Colorado.  As such, B&H and Weatherford calim that Ensign has failed to meet its burden of demonstrating a legal entitlement to jurisdictional discovery and, in addition, have not alleged any related prejudice flowing from a denial of its request for discovery.

  While I agree that Ensign's assertion of general jurisdiction against B&H, as set forth in its complaint, is merely an unsupported allegation, I conclude that Ensign is entitled to very limited discovery to assess the extent of B&H's general business activities in Colorado in order to respond to the pending motion to dismiss.  Ensign cites to the following facts in support of its claim that it has "good reason to believe" that it can demonstrate sufficient contacts with Colorado:  that it has transacted significant amounts of business in Colorado with B&H (and a Colorado company subsequently acquired by B&H) starting in 1987; that B&H is located just 150 miles north of the Colorado border, in Casper, Wyoming; and that B&H acts as one of the primary regional distributors for oil and gas well equipment and parts, such as the one at issue in this case.  Because B&H's contacts with Colorado generally – as opposed to its contacts with Ensign specifically – are primarily within the exclusive control of B&H, I agree with Ensign that limited jurisdiction discovery is warranted.

  In so ruling, I note that the standard set forth in *Grynberg v. Ivanhoe, supra*, 490 Fed.Appx. at 103, provides that "either party should be allowed discovery on the factual issues raised by" a motion to dismiss based on jurisdiction.  Although it is clear that "the burden of demonstrating a legal entitlement to jurisdictional discovery [is] on the party seeking the discovery," the trial court is vested with broad discretion in such determination.  However, "a refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a

litigant" such as where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Grynberg v. Ivanhoe, supra*, 490 Fed.Appx. at 102-103.  Because a more satisfactory showing of the facts is necessary in this case, I agree that Ensign should be allowed limited discovery on the jurisdictional question of the extent of B&H's contacts with Colorado. *Compare Grynberg v. Ivanhoe, supra*, 490 Fed.Appx. at 103-104 (finding no abuse of discretion in the denial of jurisdictional discovery when counsel initially indicated they did not need jurisdictional discovery, the request for discovery was belated and only after extensive briefing, and the discovery requested was broad and not tailored to address the limited question at issue); *with Procom Supply, LLC v. Langner,* 2013 WL 2351342 (D.Colo. 2013)(not published)(providing for limited discovery in order to allow the plaintiff to challenge the assertions by the defendants that the court lacked personal jurisdiction based on the contradicting affidavits provided by the defendant related to its contacts with Colorado).

However, I agree with Defendant Weatherford that the jurisdictional discovery sought, and the amount of time requested to Ensign to respond to the motion to dismiss, should be limited.  Ensign should be allowed to depose the principals of B&H – Francis and Virginia Hodgden  – who provided the affidavits in support of B&H's motion to dismiss.  However, the proposed written interrogatories and requests for production propounded by Ensign, and attached to its reply breif, are too broad. [Doc # 30, Ex. 1]  For example, the requests to "describe, in detail, any meetings, courses, workshops or trainings performed by or attended by B&H in Colorado" or to produce all "solicitations or other marketing materials in any way directed to any Colorado individual, entity or office" constitute a classic fishing expedition that is not

sufficiently tailored to lead to the discovery evidence relevant to the narrow issue here. *See Grynberg v. Ivanhoe*, *supra*, 490 Fed.Appx. at 105 (prohibiting a "an attempt to use discovery as a fishing expedition rather than to obtain needed documents to defeat the motion to dismiss")(*quoting Breakthrough Mgmt. Grp., Inc.*, 629 F.3d 1173, 1190 (10th Cir. 2010)). I conclude that the depositions of the principals of B&H should provide Ensign with information or evidence of the extent of B&H's contacts with Colorado sufficient to respond to the Motion to Dismiss for Lack of Personal Jurisdiction filed by B&H.

ACCORDINGLY, IT IS ORDERED that "Plaintiffs' Motion for Extension of Time to Respond to B&H Rig and Tong Sales' Motion to Dismiss for Lack of Jurisdiction and Motion [for] Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction Over B&H Rig and Tong Sales" [**Doc # 21**] is GRANTED, as follows:

   A.  Ensign may take a maximum of two depositions, of no longer than 2.5 hours each and to be conducted on the same day, if possible, on or before **July 22, 2013**;

   B.  Ensign shall filed a response to B&H's Motion to Dismiss for Lack of Personal Jurisdiction [Doc # 15] on or before **August 19, 2013**; and

   C.  B&H and Weatherford for may file their respective responses on or before **September 3, 2013**.

Dated: June     26   , 2013 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
   LEWIS T. BABCOCK, JUDGE