IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   13-cv-00724-LTB-KMT

ENSIGN UNITED STATES DRILLING, INC., and
ENSIGN UNITED STATES DRILLING (CALIFORNIA) INC.,

  Plaintiffs,

v.

WEATHERFORD U.S. LIMITED PARTNERSHIP,

  Defendants.
_____

ORDER
_____

  This matter is before me on a Motion to Amend Interlocutory Order Granting [Defendant] Weatherford's Motion for Partial Summary Judgment filed by Plaintiffs Ensign United States Drilling, Inc., and Ensign United States Drilling (California) Inc. (collectively, "Ensign"). [**Doc #113**] Defendant Weatherford U.S. Limited Partnership ("Weatherford") has filed a response in which it opposes the relief requested. [Doc # 119] Oral arguments would not materially assist me in my determination. After consideration of the parties' pleadings, I GRANT the Motion to Amend as follows.

  On March 27, 2015, Weatherford filed a Motion for Partial Summary Judgment. [Doc #90] In that motion Weatherford sought entry of judgment in its favor, pursuant to Fed. R. Civ. P. 56, on Ensign's tort claims (Negligence and Strict Liability). Weatherford also sought a ruling that Ensign was not entitled to consequential damages in the form of "increases in workers' compensation insurance premiums and lost profits." [Doc #90 pg. 30]

I granted Weatherford's Motion for Partial Summary Judgment on June 25, 2015. [Doc #108]. In so doing, I entered judgment in favor of Weatherford on Ensign's First Claim for Relief for Negligence and Second Claim for Relief for Strict Liability on the basis that they were precluded by California's economic loss rule. [Doc #90] In addition, I ruled that:

> Ensign may not recover: its lost profits incurred from the reduction in business activity following the accident allegedly caused by the defective RH-35 rod hook and the costs associated with its workers' compensation insurance relating to the accident, including deductible payments and increased premiums. [Doc #108]

Following my ruling, Ensign filed the motion at issue here requesting amendment to my ruling on recoverable damages. Specifically, Ensign contends that while Weatherford's motion sought a ruling disallowing Ensign's damages request for its increased workers' compensation premiums, it did not seek a ruling that Ensign was also precluded from seeking it workers' compensation deductible payment. As such, my ruling that Ensign may not recover its "costs associated with its workers' compensation insurance relating to the accident, *including deductible payments* and increased premiums" was either inadvertent, or constituted an inappropriate *sua sponte* ruling. [Doc #108, pg. 19 - emphasis added] Ensign now seeks reconsideration of that interlocutory decision pursuant to Fed. R. Civ. P. 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

In response, Weatherford concedes that I did, in fact, rule on an issue which was not directly raised in the parties' briefs. While it goes on to assert that I ruled correctly, and now seeks a confirmation of that ruling as a matter of law, such relief is not available in response to

this motion to amend.

Therefore, upon review of the summary judgment pleadings, I agree with Ensign that my order should be amended to not address or rule on whether its workers' compensation deductible payment(s) are or are not recoverable damages in this case. Weatherford did not ask for such relief, and I did not consider or address it. Rather, my inclusion of "deductible payments" in my ruling was unintended and inadvertent.

ACCORDINGLY, I GRANT Ensign's Motion to Amend Interlocutory Order Granting Weatherford's Motion for Partial Summary Judgment. [**Doc #113**]  As such, concurrent with this order I will issue an Amended Order in which I will strike the language related to the deductible payment damages at pg. 13 and 19 of previous Order. [Doc #108]

Dated: July   27  , 2015 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE